UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEIL WEBNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1173 CDP |
| ) | |
| CENTENE CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

The Private Securities Litigation Reform Act of 1995 (PSLRA) requires "district courts to appoint a lead plaintiff or lead plaintiff group to represent aggrieved shareholders and requir[es] these lead plaintiffs to select counsel." *In Re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 751 (8th Cir. 2003) (citing 15 U.S.C. §§ 78u-4(a)(3)(B)(I) and (v)). The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private plaintiff class actions brought under the Exchange Act. *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(I). The Act provides that the Court shall appoint as lead plaintiff the member or members of the purported class "that the court determines to be the most capable of adequately representing the interests of the class members." *Id.* In so doing, the Court adopts a rebuttable presumption that the most adequate plaintiff "is the person or group of persons" that:

  (aa) has either filed the compliant or made a motion in response to a notice;

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

On June 29, 2012, plaintiff Neil Webner published notice of this action on Marketwire, a national, business-oriented wire service. There was thus an August 28, 2012 deadline for members of the purported class to move the Court to serve as lead plaintiff. That deadline has come and passed, and no motions were filed.

The statute does not appear to require the party that filed the complaint to file a separate motion to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ("has *either* filed the complaint *or* made a motion") (emphasis added). However, there is insufficient information in the complaint alone for me to establish that Webner is the most adequate plaintiff according to the criteria above. In addition to filing the complaint and having the largest financial interest in the relief sought, the most adequate plaintiff must make "a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23." *Reese v. Bahash*, 248 F.R.D. 58, 62 (D.D.C. Feb. 11, 2008) (quoting *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2005)).

The typicality requirement of Rule 23(a)(3) is satisfied when each class member makes similar legal arguments to prove the defendant's liability. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Under the PSLRA, the adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no antagonism between the interests of the proposed lead plaintiff and the other members of the class; and (3) the proposed lead plaintiff has sufficient interest in the outcome to ensure vigorous advocacy. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. Jan.18, 2007).

The PSLRA further states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(b)(v).

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday, September 21, 2012**, plaintiff Webner shall file a motion for appointment of lead plaintiff and for approval of lead plaintiff's choice of lead counsel.

                                                               _____
                                                               CATHERINE D. PERRY
                                                               UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2012.